```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION


CYNTHIA P. MILLS                                       PLAINTIFF


VS.                                CIVIL ACTION NO. 3:06CV517LN


SAM'S CLUB, INC., WAL-MART STORES,
INC., DEMETRIA SYKES; AND DEFENDANTS A-E            DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Cynthia P. Mills to remand pursuant to 28 U.S.C. § 1447. Defendants Sam's Club East, Inc. and Wal-Mart Stores, Inc. have responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion to remand should be denied.

Plaintiff Cynthia P. Mills filed this action in the Circuit Court of Hinds County, Mississippi on August 26, 2006 seeking to recover actual and punitive damages for injuries she sustained when she fell at the Sam's Club store in Jackson, Mississippi. Mills, a Florida citizen, sued Sam's Club and Wal-Mart, both Arkansas corporations, alleging that they failed to maintain the Sam's Club premises in a reasonably safe condition for patrons. She also sued Demetria Mills, the business manager of the Jackson Sam's Club at the time of her fall, alleging that Sykes

negligently misrepresented to her that Sam's Club would pay her medical bills and that she, plaintiff, relied on Sykes' assurances in seeking medical treatment for her injuries.

Pursuant to 28 U.S.C. § 1441(b), a case is not removable if any of the parties in interest "properly joined and served as defendants is a citizen of the State in which such action is brought."[1]  Here, plaintiff argues that defendants' removal was improper pursuant to 1441(b) because Sykes, who plaintiff contends is properly a party in the action, is a Mississippi citizen. Sam's Club and Wal-Mart, however, argue that removal was proper both because Sykes had not been served at the time of removal, and because Sykes has been fraudulently/improperly joined in any event.

It is undisputed that at the time defendants filed their notice of removal, Sykes had not been served with process.  In <u>Ott v. Consolidated Freightways Corp. of Delaware</u>, 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002), this court rejected a plaintiff's

---

[1] Section 1441(b) provides in full as follows:
Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
28 U.S.C. § 1441(b).

suggestion that the presence of an unserved resident defendant, who otherwise did not destroy diversity, precludes removal under § 1441(b). See id. at 665 (explaining that while citizenship of all defendants, whether served or not, must be considered in determining whether there is complete diversity, "§ 1441(b) . . . relates to removability rather than the broader issue of whether diversity exists; and, in accordance with the plain language of § 1441(b), courts have held, virtually uniformly, that where . . . diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b)") (citing cases). In keeping with the court's holding in Ott, because Sykes had not been properly served at the time of removal, the case was removable.

However, even if the fact that Sykes had not been served did not entitle Sam's Club and Wal-Mart to remove the case, the fact that Sykes was not properly joined did entitle them to do so. Again, Mills' putative claim against Sykes is for negligent misrepresentation, because, as alleged in the complaint, immediately upon plaintiff's fall, and while plaintiff was still on the floor, Sykes came to her to offer assistance and assured her that Sam's Club would pay for her medical treatment for her injuries. Plaintiff alleges that she relied on Sykes' assurances in seeking and obtaining medical treatment for her injuries, and implies that she sought medical treatment only because Sykes

3

promised Sam's Club would pay for the treatment and that she would not have sought such medical treatment otherwise.

The elements of a claim of negligent misrepresentation under Mississippi law are well established:

> (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the defendant failed to exercise that degree of diligence and expertise the public is entitled to expect of it; (4) that the plaintiff reasonably relied on the defendant's representations; and (5) that the plaintiff suffered damages as a direct and proximate result of his reasonable reliance.

Skrmetta v. Bayview Yacht Club, Inc., 806 So. 2d 1120, 1124 (Miss. 2002)(citing Spragins v. Sunburst Bank, 605 So. 2d 777, 780 (Miss. 1992)).

The suggestion that plaintiff would not have sought appropriate medical treatment for her injuries but for Sykes' assurances is completely belied by the nature and severity of plaintiff's injury. As a result of her fall, plaintiff fractured her knee; she could not put weight on her leg at all or extend her leg. Her pain at the time of the fall, and when she arrived at the hospital, was a "10++." Plaintiff was admitted to the hospital, where she was required to undergo surgery for the repair of her knee. The simple, undeniable fact is that medical treatment was necessary and would have been obtained by plaintiff irrespective of any assurances by Sykes.

In this respect, this case very much resembles Thompson v. Chick-Fil-A, Inc., 923 So. 2d 1049 (Miss. Ct. App. 2006). There,

4

as here, the plaintiff who was injured in a fall alleged that she had detrimentally relied on assurances by the business owner's employees that her medical bills would be paid.  The court found she had no claim because she could not show she had been induced by the conduct of another to do something different from what would otherwise have been done; it was clear that the plaintiff had sought medical treatment "because of the injury she sustained . . . and not because of some promise or agreement by (the defendant's representatives).  Id. at 1054.[2]  Just as in Thompson, plaintiff herein sought medical treatment because of her injury, not because of alleged assurances by Sykes.  It follows that plaintiff has no cognizable claim against Sykes and that Sykes, consequently, has been improperly joined.

Accordingly, is ordered that plaintiff's motion to remand is denied.

SO ORDERED this 21st day of November, 2006.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[2]     In Thompson, the court considered the plaintiff's proof in the context of equitable estoppel, because the plaintiff had failed to plead fraud or misrepresentation. However, the requirement of detrimental reliance is common to both claims.